UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARY M.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. C19-5651 RAJ

**ORDER REVERSING AND
REMANDING FOR FURTHER
ADMINISTRATIVE
PROCEEDINGS**

Plaintiff seeks review of the denial of her applications for Supplemental Security Income

and Disability Insurance Benefits.  Plaintiff contends the ALJ erred by rejecting her testimony,

four medical opinions, and three lay witness' statements.  Dkt. 10.  As discussed below, the

Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further

administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is currently 47 years old, has a high school education, and has worked as a

cashier and shoe sales person.  Dkt. 8, Admin. Record (AR) 961-62.  Plaintiff applied for

benefits in May 2013 and alleges disability as of July 2, 2011.  AR 92, 945.  The ALJ issued a

decision in October 2015 finding Plaintiff not disabled.  AR 19-34.  On appeal to this court, the

ALJ's decision was reversed and remanded for further proceedings.  AR 1035-42.  On remand,

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 1

after the ALJ conducted a hearing in February 2019, the ALJ issued a decision in May 2019

finding Plaintiff not disabled.  AR 972-97, 945-63.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:**  Plaintiff has not engaged in substantial gainful activity since the July 2011 alleged onset date.

**Step two:**  Plaintiff has the following severe impairments: mild lumbar degenerative disc disease, bipolar disorder, anxiety disorder, and opioid dependence.

**Step three:**  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:**  Plaintiff can perform light work, standing or walking six hours and sitting six hours per day.  She can occasionally climb, balance, kneel, crouch, and crawl, and frequently stoop.  She must avoid concentrated exposure to vibration and hazards.  She can only understand and remember simple instructions; perform simple, routine tasks; make simple decisions; and handle few, simple workplace changes.  Her work environment cannot involve interaction with the public, tandem or teamwork, or fast-paced production.

**Step four:**  Plaintiff cannot perform past relevant work.

**Step five:**  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, she is not disabled.

AR 948-63.

## DISCUSSION

This Court may set aside the Commissioner's denial of Social Security benefits only if

the ALJ's decision is based on legal error or not supported by substantial evidence in the record

as a whole.  *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017).

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

## A. Medical Opinions

A treating physician's opinion is generally entitled to greater weight than an examining physician's opinion, and an examining physician's opinion is entitled to greater weight than a nonexamining physician's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ may only reject the uncontradicted opinion of a treating or examining doctor by giving "clear and convincing" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Even if a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by stating "specific and legitimate" reasons. *Id.* The ALJ can meet this standard by providing "a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citation omitted). "The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998).

"Only physicians and certain other qualified specialists are considered '[a]cceptable medical sources.'" *Ghanim v. Colvin,* 763 F.3d 1154, 1161 (9th Cir. 2014) (alteration in original); *see* 20 C.F.R. §§ 404.1502(a), (d), (e); 416.902(a), (i), (j). An ALJ may reject the opinion of a non-acceptable medical source, such as a therapist in this case, by giving reasons germane to the opinion. *Id.* An ALJ must consider all opinions, including those from non-acceptable medical sources, which may in some cases even outweigh the opinions of acceptable medical sources. *See* 20 C.F.R. §§ 404.1527(f), 416.927(f).

### 1. Alysa A. Ruddell, Ph.D.

In September 2016, Dr. Ruddell examined Plaintiff and opined she had marked limitations in learning new tasks, adapting to changes, completing a normal workday and work week without interruptions from psychological symptoms, and setting realistic goals and

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 3

planning independently.  AR 1178.  The ALJ gave Dr. Ruddell's opinions "[s]ome weight,"

rejecting the marked limitations as unsupported by her examination results and inconsistent with

Plaintiff's activities.  AR 960.[3]

Incongruity between a physician's opinions and her own medical records is a "specific

and legitimate reason for rejecting" the opinions.  *Tommasetti v. Astrue*, 533 F.3d 1035, 1041

(9th Cir. 2008).  Dr. Ruddell observed abnormalities in nearly every aspect of the mental status

examination: psychomotor activity, affect, mood, thought content, orientation, recent memory,

fund of knowledge, concentration, abstract thinking, and insight/judgment.  AR 1179.  The ALJ

did not explain why he concluded these abnormal clinical results conflicted with Dr. Ruddell's

opinions.  The Commissioner argues that the opined limitations are "not clearly traceable" to

abnormal findings such as these.  Dkt. 12 at 11.  But it is a trained medical professional's role to

determine functional limitations from clinical observations.  Because the ALJ did not identify

any inconsistency between Dr. Ruddell's observations and opinions, incongruity with clinical

results was not a specific and legitimate reason to discount Dr. Ruddell's opinions.

Conflict with a claimant's activities "may justify rejecting a treating provider's opinion."

*Ghanim*, 763 F.3d at 1162.  The activities the ALJ cited were "caring for her children, grocery

shopping, preparing simple meals, visiting her grandmother in a nursing home, and using a

phone to do internet research and engage with social media applications."  AR 960.  The ALJ did

not explain how ability to perform these activities contradicts Dr. Ruddell's opinions.  The

Commissioner argues the activities "are inconsistent with Dr. Ruddell's opinion that Plaintiff has

_____

[3] The ALJ noted that Dr. Ruddell's opinions were "set forth in a checkbox form" but correctly focused on her "corresponding observations" to evaluate the opinions.  AR 960; *see Popa v. Berryhill*, 872 F.3d 901, 907 (9th Cir. 2017) (that opinions supported by clinical records are "in a check-box form provides no reason to reject [the] opinions").

marked limitations performing things like learning new tasks and planning independently" but fails to identify how they are inconsistent, and no such inconsistency is readily discernible. Dkt. 12 at 11. For example, a person could be able to prepare simple, familiar meals but have difficulty learning new tasks. A person could be able to visit her grandmother at her convenience on her own schedule yet be unable to complete an eight-hour workday or five-day workweek on her employer's required schedule. "A claimant need not be completely incapacitated" to be eligible for benefits. *Ghanim*, 763 F.3d at 1162. Activities were not a specific and legitimate reason to discount Dr. Ruddell's opinions.

The ALJ erred by discounting Dr. Ruddell's opinions without a specific and legitimate reason.

### 2. Loren W. McCollom, Ph.D.

Dr. McCollum examined Plaintiff in August 2013 and opined that her social interaction was "hampered" and her adaptive capabilities were "compromised." AR 678. The ALJ included in the RFC social limitations of no public interaction and no tandem or teamwork with coworkers, and adaptive limitations of "no fast-paced production, no more than simple decision-making, and few simple workplace changes." AR 950. The ALJ rejected further limitations, giving Dr. McCollom's opinions only "[p]artial weight" on the grounds that the opinions were "vague" on functional limitations and that adaptive limitations were based on hallucinations and suicidal ideation, which Dr. McCollum himself doubted because Plaintiff had not reported them to her treatment provider. AR 961.

Plaintiff argues these reasons were insufficient to partially reject Dr. McCollum's opinions, but identifies no harmful error in the ALJ's assessment. This Court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104,

1111 (9th Cir. 2012).  Plaintiff asserts that "Dr. McCollum's report … identified mental

limitations in excess of" the limitations incorporated into the RFC, but fails to identify any such

excess limitations.  Dkt. 10 at 11.  The ALJ incorporated several social and adaptive limitations

into the RFC and Plaintiff has not shown Dr. McCollum's opinions, even if fully accepted,

required more.  *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (affirming

where ALJ's "assessment is consistent with restrictions identified in the medical testimony").

 The Court concludes Plaintiff has not shown harmful error in the ALJ's assessment of Dr.

McCollum's opinions.

 **3. Steve Adams, B.A.**

 Plaintiff's treating mental health provider, Mr. Adams, opined in a September 2015

statement that Plaintiff was unable to sustain competitive work due to bipolar disorder and

PTSD.  AR 1914.  Attempting to work full-time "would trigger an exacerbation of symptoms,

and might very well result in another decompensation requiring hospitalization."  *Id*.

 The ALJ gave Mr. Adams' opinions "[l]ittle weight" as inconsistent with medical

evidence, including his own treatment notes showing routinely normal clinical observations.  AR

961.[4]

 Mr. Adams' treatment notes consistently document normal clinical observations.  Full

mental status examinations document Plaintiff had normal appearance, affect, behavior, speech,

thought process and content, insight and judgment, and psychomotor activity; denied suicidal

ideation; and was only "mildly" anxious.  *See*, *e.g.*, AR 856, 858, 870.  Less detailed

---

[4] The ALJ also cited improvement with treatment, and that a PTSD diagnosis was unsupported by the record, but on appeal the Commissioner declines to defend those reasons.  Dkt. 12 at 10.  In any case, the Court need not address these additional reasons because inconsistency with clinical findings was a sufficiently germane reason to discount Mr. Adams' opinions.

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 6

examinations were completely normal, describing Plaintiff as "calm, pleasant, focused, responsive and reality based" with "[g]ood hygiene and grooming."  *See*, *e.g.*, AR 888, 891, 897.

Plaintiff argues that the same treatment notes also reflect her self-reports such as depressed mood, medication side effects, and poor sleep, which are also clinically meaningful. Dkt. 10 at 4-7; Dkt. 13 at 2 ("a patient's description of her symptoms is an integral part of the treatment of mental illness").  While self-reported symptoms are meaningful, so are objective observations.  The ALJ reasonably inferred that the clinical observations Mr. Adams chose to make for purposes of treatment were clinically meaningful.  *See Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record.").  The fact that these observations were almost entirely normal thus contradicts Mr. Adams' opinion that Plaintiff was so severely impaired that she was unable to work.  This was a germane reason to discount his opinions.

The ALJ did not err by discounting Mr. Adams' opinions.

### 4.      Sorin S. Rhone, M.D.

Dr. Rhone examined Plaintiff in August 2013 and opined, among other limitations, that she could "seldom" reach and "handle occasionally [up] to 15 pounds."  AR 668.  The ALJ gave Dr. Rhone's opinions "[s]ome weight," rejecting these limitations as "not fully consistent with objective imaging showing only mild lumbar degenerative disc disease and overall normal physical examinations" and based on Plaintiff's unreliable subjective reports.  AR 960.

Plaintiff cites authority applicable to evaluating a claimant's testimony and argues that the ALJ erred by discounting Dr. Rhone's opinions as "'not substantiated affirmatively by objective medical evidence.'"  Dkt. 10 at 12 (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006)).  As the Commissioner points out, this authority does not apply to

evaluating medical opinions.  Dkt. 12 at 15-16.  On reply, Plaintiff does no more than

"respectfully disagree."  Dkt. 13 at 6.  An ALJ may discount a medical opinion contradicted by

the medical evidence.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).  The ALJ

properly discounted Dr. Rhone's opined limitations as contradicted by MRI and X-ray results

showing only "minor" or "mild" degenerative changes, as well as his own clinical findings that

were entirely normal except for "a little trouble standing on one foot alternately" and "mov[ing]

slowly."  AR 825, 759, 667.

     The ALJ did not err by discounting Dr. Rhone's opinions.

**B.**     **Plaintiff's Testimony**

     Plaintiff contends the ALJ erred by discounting her testimony that she is unemployable

due to mental health treatment twice a week and medication that makes her sleepy, and without

such treatment her impairments would render her unemployable.  Dkt. 10 at 16-17; AR 985, 977,

982.

     Where, as here, an ALJ determines a claimant has presented objective medical evidence

establishing underlying impairments that could cause the symptoms alleged, and there is no

affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to

symptom severity by providing "specific, clear, and convincing" reasons supported by

substantial evidence.  *Trevizo*, 871 F.3d at 678.  The ALJ discounted Plaintiff's testimony on the

grounds that, while treatment non-compliance, situational stressors, and substance abuse

exacerbated her symptoms, the symptoms improved with sustained treatment compliance.  AR

959.

     Evidence that medical treatment helped a claimant "'return to a level of function close to

the level of function they had before they developed symptoms or signs of their mental

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 8

disorders' … can undermine a claim of disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (quoting 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00H (2014)).

Plaintiff contends substantial evidence does not support finding she improved to a level where she could work. Dkt. 10 at 17. She relies on the 2015 opinions of treating therapist Mr. Adams and 2016 opinions of examining psychologist Dr. Ruddell of marked impairments even during periods of sustained treatment compliance. *Id*. Because on remand the ALJ must reassess Dr. Ruddell's opinions, the ALJ should reconsider whether the record as a whole, in light of the weight given to the opinions, shows Plaintiff improved with treatment to a level where she could work.

**C.     Lay Witnesses' Statements**

Plaintiff's daughter and two friends submitted statements describing Plaintiff's anxiety, depression, mood swings, pain, need for assistance with basic tasks, and other impairments. AR 298-305, 367, 368. The ALJ discounted these statements as inconsistent with medical evidence, improvement with treatment, and Plaintiff's activities. AR 961. An ALJ may discount lay witness testimony by giving a germane reason. *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017).

Medical evidence of only mild degenerative disc changes was a germane reason to discount lay witness testimony of back impairments. Psychological improvement with treatment should be reassessed, however, in light of Dr. Ruddell's reevaluated opinions.

The ALJ cited activities of "taking care of herself and her children, preparing simple meals, doing household chores, driving, grocery shopping, and using her phone for internet research and social media." AR 961. Because the ALJ did not explain how these activities contradict any of the lay witnesses' observations, Plaintiff's activities were not a germane reason

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 9

1  to discount their statements.

2      On remand, the ALJ should reevaluate the lay witnesses' statements.

3  **D.      Scope of Remand**

4      Plaintiff requests remand for an award of benefits or, in the alternative, for further

5  administrative proceedings.  In general, the Court has "discretion to remand for further

6  proceedings or to award benefits." *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990).  The

7  Court may remand for further proceedings if enhancement of the record would be useful.  *See*

8  *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000).  The Court may remand for benefits

9  where (1) the record is fully developed and further administrative proceedings would serve no

10  useful purpose; (2) the ALJ fails to provide legally sufficient reasons for rejecting evidence,

11  whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence

12  were credited as true, the ALJ would be required to find the claimant disabled on remand.

13  *Garrison*, 759 F.3d at 1020.  The Court has flexibility, however, "when the record as a whole

14  creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the

15  Social Security Act."  *Id.* at 1021.

16      Plaintiff argues disability is established by Dr. Ruddell's, Dr. McCollum's and Mr.

17  Adams' opinions.  But the ALJ reasonably discounted Dr. McCollum's and Mr. Adams'

18  opinions.  Dr. Ruddell's opinions remain contradicted by the state agency doctors' opinions, a

19  conflict the ALJ must resolve.  *See* AR 960.  Plaintiff argues her testimony establishes that her

20  absenteeism would preclude work.  But the ALJ must reevaluate her testimony in light of the

21  weight given Dr. Ruddell's opinions.  Because enhancement of the record would be useful, the

22  Court determines remand for further proceedings is appropriate.

23

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 10

**CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should reevaluate Dr. Ruddell's opinions, Plaintiff's testimony, and the three lay witnesses' statements; reassess the RFC as appropriate; and proceed to step five as necessary.

DATED this 11th day of February, 2020.

_Richard A. Jones_

The Honorable Richard A. Jones
United States District Judge

ORDER REVERSING AND REMANDING
FOR FURTHER ADMINISTRATIVE
PROCEEDINGS - 11